UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH R. RAGAN,
    Petitioner,

vs.                                        Case No.: 4:22cv291/MW/ZCB

FLA. DEP'T OF CORRECTIONS,
    Respondent.
_____/

# REPORT AND RECOMMENDATION

This is a habeas corpus case filed under 28 U.S.C. § 2254. (Doc. 1; Doc. 5). Respondent has moved to dismiss, arguing that Petitioner untimely filed his habeas petition. (Doc. 13). Petitioner has responded in opposition to the motion to dismiss. (Doc. 16). For the reasons below, Respondent's motion to dismiss should be granted.[1]

## I.    Background

Over forty years ago, on June 4, 1982, a Florida state court jury convicted Petitioner of two counts of armed robbery. (Doc. 13 at 4; Doc. 15-2). The state trial court originally sentenced Petitioner to consecutive terms of forty-five years in prison, which included three-year mandatory minimum terms on both counts. (Doc.

---

[1] The Court believes this matter can be resolved based on the pleadings and attachments without an evidentiary hearing. Rule 8(a), Rules Governing Section 2254 Cases.

1

13 at 4; *see also* Docs. 15-3 (partial judgment)). The Florida First District Court of Appeal ("First DCA") affirmed the judgment and sentence on September 6, 1984. *Edgecombe, Ragan, Thompson v. State*, 455 So. 2d 1034 (Fla. 1st DCA 1984).

On March 12, 2007, Petitioner filed a motion for postconviction relief in the state trial court under Rule 3.800 of the Florida Rules of Criminal Procedure. In that motion, Petitioner made three challenges to his sentence. (Doc. 15-4). The trial court denied the motion, but the First DCA reversed as to one of Petitioner's claims and remanded for either resentencing or supplementation of the record. (Docs. 15-5, 15-6). *Ragan v. State*, 973 So. 2d 648 (Fla. 1st DCA 2008). On remand, the trial court struck the three-year mandatory minimum terms from both forty-five year sentences and instructed the clerk to enter a corrected judgment. (Doc. 15-7). The clerk did so on May 5, 2008. (Doc. 15-8). Petitioner then appealed again to the First DCA, and he also filed another Rule 3.800 motion in the trial court. (Doc. 15-9). The trial court denied the second Rule 3.800 motion (Doc. 15-10), and Petitioner appealed that decision to the First DCA.

The First DCA dismissed Petitioner's first appeal, No. 1D08-3901 on October 28, 2008, and denied his motion for rehearing on December 9, 2008. *Ragan v. State*, 995 So. 2d 1017 (Fla. 1st DCA 2008) (citing *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992)). As for the second appeal, No. 1D08-4008, the First DCA affirmed

without written opinion on December 29, 2008. (Doc. 15-11); *Ragan v. State*, 999 So. 2d 647 (Fla. 1st DCA 2008).

Approximately two years later, on March 29, 2010, Petitioner filed a third Rule 3.800 motion in the trial court. (Doc. 15-12). The trial court denied the motion, and the First DCA affirmed. (Docs. 15-13, 15-14, 15-15, 15-16). *Ragan v. State*, 59 So. 3d 112 (Fla. 1st DCA 2011). The mandate issued on April 26, 2011. (Doc. 15-17).

Ten years after that, on March 10, 2021, Petitioner filed yet another Rule 3.800 motion. (Doc. 15-18). The trial court denied the motion, and the First DCA affirmed. (Docs. 15-19, 15-20, 15-21, 15-22). *Ragan v. State*, 328 So. 3d 395 (Fla. 1st DCA 2021).[2] The mandate issued on December 15, 2021. (Doc. 15-23).

Next, Petitioner filed the current 28 U.S.C. § 2254 petition on July 29, 2022. (Doc. 1 at 1). He then filed an amended petition on September 6, 2022. (Doc. 5). In the amended petition, Petitioner claims the jury improperly convicted him of a crime that was not charged in the information. (Doc. 5 at 9). Respondent has moved to dismiss, arguing that the petition was filed after expiration of the one-year limitation period for § 2254 petitions. (Doc. 13). Petitioner has responded in opposition. (Doc. 16).

---

[2] The First DCA referred to Petitioner's appeal as "frivolous" and warned him that he would face sanctions for any future frivolous filings. *Ragan*, 328 So. 3d at 395.

3

## II.     Discussion

A one-year period of limitation applies to the filing of a § 2254 habeas petition by an inmate in state custody. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also includes a tolling provision, which provides that, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Here, everyone seems to agree that the relevant trigger for the limitation period is the date the state court judgment became final—i.e., § 2244(d)(1)(A). The parties appear to dispute, however, when the state court judgment became final. Petitioner seems to believe that the relevant date is December 15, 2021—the date

4

the First DCA's mandate issued in the appeal of his most recent (and fourth) Rule 3.800 motion. (Doc. 16 at 1). Respondent disagrees, arguing that the one-year limitation period expired long before that date. (Doc. 13 at 11).

To determine the date of final judgment for purposes of § 2244(d)(1)(A), the Court needs to determine what the statute means by "judgment" and "final." First, the "judgment" referred to in § 2244(d)(1)(A) is the "underlying conviction and most recent sentence that authorizes the petitioner's current detention." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007). Thus, when a defendant is later resentenced on an earlier conviction, the "statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his [habeas] application become final because judgment is based on both the conviction and the sentence." *Id*. at 1292-93; *see also Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (holding that the second amended judgment, which imposed the same overall term of imprisonment but structured the individual sentences differently, restarted the federal limitation period under § 2244(d)). Stated another way, the relevant judgment for purposes of the one-year limitation period is the judgment issued upon resentencing (because that is the one holding the petitioner in custody) and not the original judgment. Thus, when a petitioner has his original sentence vacated and a new sentence is imposed, the "new sentence constitutes a new 'judgment'" that "restarts" the petitioner's one-year limitation period. *Carter*

5

*v. Sec'y, Fla. Dep't of Corr.*, No. 3:15cv142/LAC/CAS, 2017 WL 1045076, at *3 (N.D. Fla. Feb. 6, 2017), *adopted by* 2017 WL 1043295 (stating that the relevant judgment for purposes of the one-year limitation period was the judgment that was issued upon the petitioner's re-sentencing).

Applying the foregoing to Petitioner's case, the "judgment" for purposes of § 2244(d)(1)(A) is the corrected judgment and sentence issued on May 5, 2008 because that is the sentence Petitioner is currently serving. That brings the Court to the next question, which is when the corrected judgment became "final," for purposes of § 2244(d)(1)(A).

For purposes of § 2244(d)(1)(A), a judgment becomes final "when the time for pursuing direct review in [the U.S. Supreme Court,] or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). To determine when the state court judgment became final in this case, the Court must determine whether Petitioner was entitled to seek direct review in the Florida Supreme Court. If he was, then the judgment became final when the thirty-day period for him to seek review in the Florida Supreme Court expired. *See* Fla. R. App. P. 9.120 (stating that a notice seeking review of the Florida Supreme Court shall be filed "within 30 days of rendition of the order to be reviewed"). If he was not entitled to seek review in the Florida Supreme Court, then the judgment became final when the ninety-day period for him to seek review in the U.S. Supreme Court expired.

It is not clear from the record submitted by Respondent whether direct review of the corrected judgment and sentence occurred in First DCA Case No. 1D08-3901 or First DCA Case No. 1D08-4008. What is clear is that Petitioner could not have sought review of either of those decisions in the Florida Supreme Court because that court lacked jurisdiction to review them.

The Florida Supreme Court has jurisdiction to consider "any decision of a district court that expressly addresses a question of law within the four corners of the opinion itself." *The Fla. Star v. B.J.F.*, 530 So. 2d 286, 288 & n.3 (Fla. 1988). Thus, to be eligible for review by the Florida Supreme Court, the district court of appeal's opinion "must contain a statement or citation effectively establishing a point of law upon which the decision rests." *Id.*; *see also Wells v. State*, 132 So. 3d 1110, 1113 (Fla. 2014) (recognizing that the Florida Supreme Court does not have jurisdiction to review "per curiam unelaborated denials of relief from the district courts of appeal of relief from the district courts of appeal that…merely cite to a case not pending on review…, or to a statute or rule…, and do not contain any discussion of the facts in the case such that it could said that the district court expressly addressed a question of law within the four corners of the opinion itself") (internal quotations omitted).

That standard is not met here because neither of the First DCA's decisions were written opinions that discussed a question of law. Instead, they were both

summary per curiam decisions. In Case No. 1D08-3901, the First DCA issued a per curiam decision dismissing the appeal with no discussion and a simple citation to *Godwin v. State*, 593 So.2d 211, 212 (Fla. 1992). *Ragan v. State*, 995 So. 2d 1017 (Fla. 1st DCA 2008). The Florida Supreme Court did not have jurisdiction to review that decision of the First DCA because it was an "unelaborated per curiam dismissal from a district court of appeal…that merely cites to a case not pending review in, or reversed or quashed by, [the Florida Supreme Court]." *Wells*, 132 So. 2d at 1113.

As for Case No. 1D08-4008, the First DCA issued a per curiam summary affirmance without a written opinion. *Ragan v. State*, 999 So. 2d 647 (Fla. 1st DCA 2008). The Florida Supreme Court did not have jurisdiction to review that decision of the First DCA because it was a "per curiam affirmance rendered without written opinion." *Wells*, 132 So. 2d at 1113; *Grate v. State*, 750 So.2d 625, 626 (Fla. 1999) (stating that "this Court does not have jurisdiction to review per curiam decisions rendered without opinion").

Because Petitioner could not have sought review in the Florida Supreme Court, the time for filing a § 2254 petition started to run on the date that his opportunity to seek review in the U.S. Supreme Court expired—i.e., ninety days after the First DCA decision. *See* U.S. Sup. Ct. R. 13.1, 13.3 (stating that a petition for certiorari must be filed within ninety days of the lower court's judgment); *see also Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 618 (11th Cir. 2019)

8

(holding that where the district court of appeal issued a per curiam affirmance without written opinion, the habeas petitioner's judgment became final ninety days after the appellate court's affirmance).

Of the two decisions from the First DCA, the last one issued was in Case No. 1D08-4008. That decision was issued on December 29, 2008. (Doc. 15-11); *Ragan v. State*, 999 So. 2d 647 (Fla. 1st DCA 2008). The time for Petitioner to seek direct review of that decision in the United States Supreme Court expired ninety days later, on March 30, 2009.

The one year clock for filing a § 2254 petition started to run the next day, on March 31, 2009. *See* Fed. R. Civ. P. 6(a) (stating that when computing a time period for the occurrence of an event specified by the law, the Court should "exclude the day of the event that triggers the period"). The limitation period ran for 363 days until March 29, 2010, which was when Petitioner filed a tolling motion in state court (i.e., another Rule 3.800 motion). (Doc. 15-12). That motion was denied by the trial court, and Petitioner appealed to the First DCA. The First DCA affirmed, and the mandate issued on the First DCA's decision on April 26, 2011. (Doc. 15-17); *see generally Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2020) (holding that when a Florida petitioner appeals the trial court's denial of post-conviction motion, the motion remains pending until issuance of the mandate by the appellate court).

The clock on the one-year limitation period for filing a § 2254 petition started ticking again the day after the mandate issued, on April 27, 2011. And because 363 days + 2 days = 365 days, the one-year limitation period expired two days later, on April 29, 2011. Thus, to be timely Petitioner needed to have filed his § 2254 petition on or before April 29, 2011. He did not. Instead, he waited until March 10, 2021 to file his § 2254 petition. That was nearly ten years too late.[3]

Petitioner has not provided a basis for tolling the one-year limitation period in 28 U.S.C. § 2244(d)(1). Nor has Petitioner argued that any recognized exception should excuse his failure to timely file his § 2254 petition. Because Petitioner failed to seek relief under § 2254 before the one-year limitation period expired in 28 U.S.C. § 2244(d)(1) expired, his petition was untimely and dismissal of this action is required.

---

[3] Although in 2021 Petitioner filed another Rule 3.800 motion in state court, that motion was filed well after the one-year limitation period for filing a § 2254 petition had expired. Thus, the 2021 Rule 3.800 motion did not toll the one-year limitation period for filing a § 2254 petition. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (holding that a state application for post-conviction relief does not reset or restart the federal statute of limitation once the limitation period expires, even though the application is "properly filed" under state law); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

### III. Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (cleaned up). Petitioner cannot make that showing in this case. Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if either party wishes to submit arguments on the issue of a certificate

11

of appealability that party may do so in an objection to this report and recommendation.

Accordingly, it is **RECOMMENDED** that:

1. Respondent's motion to dismiss (Doc. 13) be **GRANTED**.

2. Petitioner's habeas petition under 28 U.S.C. § 2254 be **DISMISSED with prejudice** as untimely.

3. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 21st day of June 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**