IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JOSEPH R. RAGAN,**

    *Petitioner*,

v.                                       Case No.: 4:22cv291-MW/ZCB

**FLORIDA DEPARTMENT OF
CORRECTIONS,**

    *Respondent*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 17, and has also reviewed *de novo* Petitioner's objections, ECF No. 18.

The report and recommendation explains in detail why Petitioner failed to seek relief under § 2254 before the one-year limitation period expired. Petitioner objects, noting that the "one-year period of limitation <u>applies</u> to the filing of a 2254 habeas corpus petition by an inmate in <u>state custody</u> . . . ." and that he was not "in custody" between October 2010 and July 2020 because he had been released on parole. ECF No. 18 at 1 (emphasis in original). Petitioner's objection is incorrect. While on parole, Petitioner remained "in custody" for purposes of § 2254, and thus his parole status had no effect on the one-year limitation period with respect to his

pending § 2254 petition. *See Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963) (holding that a parolee remains "in custody" for purposes of federal habeas corpus review); *Givens v. St. Bd. of Pardons and Paroles*, 743 F. App'x 418, 419 n.1 (11th Cir. 2018) (applying *Jones*).

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 17, is **accepted and adopted**, over the Petitioner's objections, as this Court's opinion. Respondent's motion to dismiss, ECF No. 13, is **GRANTED**. The Clerk shall enter judgment stating, "Petitioner's habeas petition under 28 U.S.C. § 2254 is **DISMISSED with prejudice** as untimely." A certificate of appealability is **DENIED**. The Clerk shall close the file.

**SO ORDERED on July 11, 2023.**

s/Mark E. Walker
**Chief United States District Judge**